DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from a judgment issued by the Maumee Municipal Court. It comes before us on counsel's motion to withdraw as attorney on appeal and the accompanying Anders brief in support thereof.
Appellant, Derrick Jones, was charged with one count of theft, in violation of Maumee Codified Ordinance 545.05, a first degree misdemeanor. The charge stemmed from the taking of five compact discs ("CD's"), a radio headset and a pack of batteries from a Meijer store on August 16, 2001. Following a bench trial, appellant was found guilty of theft and sentenced to sixty days at the Corrections Center of Northwest Ohio. The sentence was to be served concurrently with any other terms of incarceration he faced in connection with a parole violation. Appellant filed his notice of appeal with this court on November 2, 2001.
Appellant's appointed counsel submitted a motion to withdraw as counsel on appeal on March 4, 2002, pursuant to Anders v. California (1967),386 U.S. 738. In support of his request, and pursuant to the guidelines set forth in Anders, appellant's counsel asserts that after an extensive review of the record he was unable to find any valid, arguable issues for appeal. In conformity with Anders, submits a brief setting forth information in the record which might arguably support an appeal, and furnishes a copy of the brief and motion to appellant. Id. at 744. Appellant has not submitted a brief of his own.
Counsel for appellant has raised the following potential assignments of error:
 "POTENTIAL ISSUE: IS APPELLANT'S CONVICTION SUPPORTED BY SUFFICIENT EVIDENCE?
 "POTENTIAL ISSUE: DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR A JURY TRIAL?"
Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
"Relevant inquiry" does not include interpretation of evidence or determination of credibility of witnesses by the appellate court. Id. at 273. The verdict will not be overturned unless reasonable minds could not reach the conclusion reached by the trier of fact. Id.
In the present case, testimony was presented which placed appellant near the Meijer store on the day of the theft, carrying five CD's with plastic security devices and Meijer price tags attached, a radio headset and batteries. A Meijer security employee identified the items as having come from the store. The judge also heard testimony that appellant did not have a receipt for the items. After telling a police officer a story that "wasn't really making a whole lot of sense," appellant admitted to taking the items from the Meijer store. Therefore, the evidence presented was sufficient to allow reasonable minds to find that appellant stole the items from the Meijer store. Accordingly, appellant's first proposed assignment of error is totally without merit.
Appellant claims in his second potential assignment of error that the court erred in denying his motion for a jury trial. Crim.R. 23(A) states in pertinent part:
 "* * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto." (Emphasis added.)
According to the record in this case, appellant orally requested a jury trial on the morning of his trial. There is no evidence of any written request prior to the date of his trial.
Therefore, we find appellant's second proposed assignment of error to be totally without merit.
On consideration whereof, this court finds the issues raised in theAnders brief to be without merit and wholly frivolous. The motion to withdraw filed by appellant's court-appointed counsel is found well-taken and is granted. The judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.